# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: S.B., A.B., and K.B.

No. 16-0832 (Tyler County 16-JA-5, 16-JA-6, & 16-JA-7)

FILED

**March 24, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father R.B., by counsel John E. Gainer, appeals the Circuit Court of Tyler County's August 22, 2016, order terminating his parental rights to S.B., A.B., & K.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Elmer Earl Bowser, Jr., filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period and in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2016, the DHHR filed an abuse and neglect petition and alleged that petitioner abused the children by possessing and exposing at least one child to child pornography. According to the petition, during a forensic interview one child disclosed her knowledge of "kid sex" videos. Thereafter, petitioner waived his preliminary hearing.

In May of 2016, the circuit court held an adjudicatory hearing, during which petitioner admitted to possessing child pornography. Moreover, a West Virginia State Trooper testified that, during his investigation of petitioner, he discovered over 100 images and approximately 10 videos of child pornography on petitioner's computer. According to the trooper, all the children depicted were female and he estimated the children's ages to be between four and ten. A Child Protective Services worker further testified to her forensic interview with S.B., then eight years old. During the interview, the child admitted to watching child pornography, although she indicated that she watched it on her cousin's tablet, not petitioner's computer. However, the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

interviewer testified that the child avoided answering questions about petitioner and additionally exhibited sexual knowledge that was atypical for an eight year old, including a description of performing oral sex. Petitioner also testified and admitted that the children had access to the computer where he kept the child pornography. Petitioner additionally denied exposing his children to the materials. The circuit court took the matter under advisement.

During a hearing in June of 2016, the circuit court adjudicated petitioner as an abusing parent. Following that hearing, petitioner filed a motion for a post-adjudicatory improvement period. In July of 2016, the circuit court held a dispositional hearing, during which it denied petitioner's motion. The circuit court further terminated petitioner's parental rights. It is from this order that petitioner appeals.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period or in its termination of petitioner's parental rights.

To begin, it is important to note that petitioner asks this Court to apply an incorrect standard to the circuit court's denial of his motion for an improvement period. Petitioner argues that a circuit court must allow a parent an improvement period "unless the court finds compelling circumstances to justify a denial." Syl. Pt. 2, in part, *State ex rel. W.Va. Dep't of Human Services v. Cheryl M.*, 177 W.Va. 688, 356 S.E.2d 181 (1987). Petitioner relies upon case law that has been rendered inapplicable by changes to the abuse and neglect statues and ignores the fact that subsequent statutory enactments clarified that the burden of proof falls upon the parent requesting an improvement period. Indeed, West Virginia Code § 49-4-610(2)(B) provides that a

---

[2]According to the DHHR, as of the filing of its response brief the children were all placed in the home of their mother while she completed the terms of a post-adjudicatory improvement period. Both the guardian and the DHHR state that the permanency plan for the children is reunification with the mother, while the guardian adds that the concurrent permanency plan is adoption by the maternal aunt and uncle.

circuit court may grant a post-adjudicatory improvement period when "[t]he [parent] demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." The record on appeal is clear that petitioner failed to produce any evidence in support of his motion. Other than the blanket assertion in his motion that petitioner would "fully participate in the improvement period," petitioner presented no evidence, either testimonial or otherwise, that he was likely to fully participate in an improvement period. As such, we find no error in the circuit court's denial of petitioner's motion.

Finally, the Court finds no error in the circuit court's termination of petitioner's parental rights. In support of this argument, petitioner asserts that the DHHR "did not prove that [he] ever exposed his children to child pornography" and that the DHHR could have implemented steps to prevent them from being exposed to it in the future. Petitioner argues that the circuit court's finding that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected was in error. We do not agree. In fact, petitioner's argument on appeal illustrates the fact that the conditions of abuse in the home persist. Importantly, direct evidence of petitioner's exposure of the children to child pornography was not necessary to establish he was an abusing parent. The fact that he allowed the children access to the computer where he kept the images was sufficient to threaten their welfare. Moreover, petitioner fails to acknowledge the fact that his daughter exhibited sexual knowledge atypical of a child of her age, and the fact that the child admitted to viewing pornography with her cousin is not determinative of how she came to possess this knowledge. Nor does it explain how she knew to search for "kid sex" on her cousin's tablet in the first instance.

Simply put, petitioner has failed to acknowledge his role in the abuse that took place in the home. We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable . . . .

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Because petitioner failed to acknowledge the extent of his abuse, it is clear that the circuit court correctly found that there was no reasonable likelihood the conditions of abuse could be substantially corrected. Moreover, the circuit court also found that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 22, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  March 24, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4